

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2007

# USA v. Pietrak

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4202

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Pietrak" (2007). *2007 Decisions*. Paper 1631.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1631

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4202
_____

UNITED STATES OF AMERICA

v.

DENNIS J. PIETRAK,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00042-18)
District Judge:  Honorable William H. Yohn, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2006

Before:  FISHER, CHAGARES and GREENBERG, *Circuit Judges*.

(Filed February 14, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Dennis Pietrak was convicted along with several co-defendants of violations of the

Hobbs Act, and theft and bribery concerning programs receiving federal funds.  The

District Court sentenced him to thirty months incarceration and three years of supervised

release.  He appeals this sentence, arguing that the two-level upward adjustment for perjury under United States Sentencing Guidelines § 3C1.1 imposed by the District Court could only have been made upon a finding by the jury beyond a reasonable doubt. Because *United States v. Booker*, 543 U.S. 220 (2005), does not so require, we will affirm the sentence imposed by the District Court.

## I.

As we write only for the parties, we will forgo a lengthy recitation of the factual and legal background to this case.  On January 24, 2002, Pietrak was indicted along with nineteen other defendants and charged with violations of the Hobbs Act, 18 U.S.C. § 1951, and theft and bribery concerning programs receiving federal funds under 18 U.S.C. § 666.  These charges stemmed from the submission of false and inflated invoices to the City of Philadelphia by a vendor.  The indictment alleged that city employees, including Pietrak, approved fraudulent invoices on behalf of the City in return for kickbacks from the vendor.

The trial began on September 23, 2002.  On October 9, 2002, the jury found Pietrak guilty on both of the counts charged against him.

Pietrak appeared for sentencing before the District Court on March 9, 2004.  The Court agreed with the presentence report that Pietrak's total offense level was 17. However, the Government argued that the offense level should be increased by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because Pietrak willingly gave

2

false testimony about a material matter at trial.  Specifically, Pietrak's sworn testimony that he had never signed fraudulent invoices or received cash kickbacks was irreconcilably inconsistent with the jury's finding that he was guilty of a violation of the Hobbs Act and theft concerning programs receiving federal funds.

After a hearing in which Pietrak's counsel conceded that the Pietrak's trial testimony was not the result of "confusion, mistake or faulty memory," the District Court determined that the two-level upward adjustment under U.S.S.G. § 3C1.1 was appropriate.  The enhancement translated into a Guidelines range of 30 to 37 months. The District Court sentenced Pietrak to 30 months imprisonment and 3 years of supervised release, and ordered him to pay restitution.

Pietrak appealed, claiming in part that there was insufficient evidence to support the obstruction of justice enhancement, and that the enhancement was improper under *Blakely v. Washington*, 542 U.S. 296 (2004), because it had not been found by a jury beyond a reasonable doubt.[1]  On July 15, 2005, we affirmed his conviction and remanded the case for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

Resentencing occurred on September 1, 2005.  At the hearing, the District Court reimposed the same sentence based on a Guidelines range reflecting the two-level

---

[1]The Supreme Court had not yet decided *United States v. Booker*, 543 U.S. 220 (2005), when the Defendant filed his brief.

obstruction of justice enhancement. In contrast, the District Court issued slightly reduced sentences to Pietrak's co-defendants whose sentences had also been remanded under *Booker*. Pietrak now appeals.

II.

We exercise jurisdiction under 28 U.S.C. § 1291. Our review is plenary when considering the application of the Sixth Amendment right to a jury trial to a sentencing decision. *United States v. Barbosa*, 271 F.3d 438, 452 (3d Cir. 2001). We also exercise plenary review over a District Court's application of the Sentencing Guidelines. *United States v. Abrogar*, 459 F.3d 430, 433-34 (3d Cir. 2006). Once we are satisfied that the Guidelines range was correctly calculated, we review the resulting sentence for reasonableness. *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006).

Pietrak's primary argument is that the District Court erred by imposing a two-level enhancement for obstruction of justice, when no perjury was ever found by a jury beyond a reasonable doubt. However, *Booker* only applies to facts "necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict." 543 U.S. at 244. Pietrak's 30 month sentence was well within the 10 year maximum authorized in 18 U.S.C. § 666 and the 20 year maximum authorized in 18 U.S.C. § 1951. As we recently emphasized in *United States v. Grier*, -- F.3d --, 2007 WL 315102 (3d Cir. Feb. 5, 2007),

> [f]acts relevant to application of the Guidelines – whether or not they constitute a "separate offense" – do not [increase the statutory maximum

4

punishment to which the defendant is exposed].  They inform the district court's discretion without limiting its authority.  They therefore do not constitute "elements" of a "crime" under the rationale of *Apprendi* and do not implicate the rights to a jury trial and proof beyond a reasonable doubt.

*Id.* at *8 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (internal citations omitted).  Thus, the District Court did not err when it found by a preponderance of the evidence that Pietrak had lied under oath and applied the two-level enhancement.

Pietrak also argues that the District Court acted "unreasonably" because it reduced the sentences of his co-defendants on remand, but reimposed the same sentence on him. He claims that this disparity is explained by the fact that he was the only one to testify at trial, and thus the two-level perjury enhancement "has a chilling effect for all other defendants who wish to testify at their trials in the federal system."  However, the Supreme Court has explained that defendants "cannot contend that increasing [their] sentence because of [their] perjury interferes with [their] right to testify, for we have held on a number of occasions that a defendant's right to testify does not include a right to commit perjury."  *United States v. Dunnigan*, 507 U.S. 87, 96 (1993).  Finally, neither the letter nor the spirit of *Booker* requires that a defendant's sentence be reduced on remand, as Pietrak suggests.

5

In sum, the District Court did not err in applying the two-level obstruction of justice enhancement to Pietrak's sentence, and he has offered no reason why his sentence at the bottom of the Guidelines range is unreasonable under *Booker*.[2]

III.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

---

[2]Nor has our review of the record uncovered any reason why Pietrak's sentence is unreasonable. The District Court properly considered the § 3553(a) factors and the sentencing grounds raised by the parties. *See Cooper*, 437 F.3d at 332.